RECEIVED
USDC CLERK, FLORENCE, SC
2013 MAY 23  AM 10:30

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Gregory C. Krug,

v.                                 Civil Case No.

Victor Loranth and
John R. Owen.

COMPLAINT

(1) While Krug is currently incarcerated in the Bureau of Prisons' Metropolitan Detention Center which is located in Los Angeles, California, he was incarcerated in a B.O.P. facility that is named F.C.I. Williamsburg — which is located near Salters, South Carolina — at all times that are relevant hereto.

(2) Loranth was F.C.I. Williamsburg's Clinical Director and Owen was its Warden at all times which are relevant hereto, and both of them currently reside within Williamsburg County in South Carolina.

(3) This action has been brought under the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 US 388, because each defendant was acting "under [the] claim of federal authority" when he inflicted cruel and unusual punishment upon Krug by either denying or ignoring his numerous requests for the medical services to which he was entitled, pursuant to Estelle v. Gamble, 429 US 97, 101.

(4) This court has jurisdiction because this litigation satisfies each of the conditions which are set forth in 28 USC § 1332(a)(1).

(5) Shortly after his 3/11/11 arrival at FCI Williamsburg, Krug informed Loranth that he needed to receive medical treatment from a vascular surgeon for his peripheral

p. 2 of 6

vascular disease and from a podiatrist who could replicate the custom arch supports which the 15 cwm at FCIL Beaumont had stolen from him and would not replace.

(6) While Loranth never permitted Krug to receive any treatment from a podiatrist — but only authorized him to receive insoles, like those, which anyone could purchase at K-Mart — Loranth did permit Krug to be treated by a vascular surgeon named Charles Stonerock, who recommended that an in-house, laser procedure be performed on Krug's left leg.

(7) Having been previously conned into having the largest vein in his left leg be removed by a quack at the University of Texas Medical Branch — who performed that operation so that his interns could get some O.J.T. —

p. 3 of 6

Krug asked Stonerock for a copy of the test results, upon which the latter's recommendation had been based. Stonerock refused to give Krug those documents — even though their production was mandated by both federal and South Carolina law — undoubtedly because they would prove that Stonerock's sole interest in Krug's illness was based upon the former's need for money.

(8) Krug informed Loranth that he would not permit Stonerock (a) to perform any procedure until he had received the results of the tests which Stonerock's assistant had performed on (b) Krug's lower extremities, and could obtain a second opinion as to the procedure which Stonerock had recommended. Loranth promised that Krug would be promptly seen by another vascular surgeon.

p. 4 of 6

(9) Krug met with Loranth on at least two subsequent visits to the prison's 'clinic', and on each of these occasions, Loranth promised Krug that he "was on the list" to be seen by another vascular surgeon.

(10) Having finally realized that Loranth had never intended to permit Krug to be seen by another vascular surgeon, he brought this matter to Owens' attention, who also informed him that he was "on the list." Krug departed FCI Williamsburg on 6/15/12 without ever receiving any treatment for his peripheral vascular disease or being seen by a podiatrist.

(11) Krug hereby asserts that he entitled to receive: (a) $300 of actual damages for each of the 447 days which lapsed between 3/11/11 and

p. 5 of 6

6/15/12 as a result of the defendants' decision not to provide him with the arch supports that he needed;

(b) $100,000 of the actual damages which he has sustained as a result of the defendants' decision not to provide him with the services of a vascular surgeon; and

(c) $2,341,000 of punitive damages to remind the defendants that they can not safely ignore the principle which the Supreme Court had established in Estelle v. Gamble, supra.

(12) Krug hereby requests that this dispute be resolved by a jury.

Respectfully submitted,

Gregory C. Krug    5-16-13

Gregory C. Krug, Pro Se
Reg. No. 15503-075
P.O. Box 1500
Los Angeles, CA 90053

p. 6 of 6