IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory C. Krug, | ) C/A No.: 1:13-1409-CMC-SVH |
| Plaintiff, | ) |
| vs. | ) ORDER |
| Victor Loranth and John R. Owen, | ) |
| Defendants. | ) |

Gregory C. Krug ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action alleging Victor Loranth and John R. Owen ("Defendants") violated his constitutional rights during Plaintiff's incarceration at the Federal Correctional Institution in Williamsburg, South Carolina ("FCI-Williamsburg"). This matter is before the court on Plaintiff's motion for an order compelling a private, third-party doctor to produce Plaintiff's medical records. [Entry #24]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

In his motion, Plaintiff requests the court order Dr. Charles E. Stonerock, a private doctor who Plaintiff alleges examined him during his incarceration at FCI-Williamsburg, to produce all medical records concerning Plaintiff. It does not appear from the motion that Plaintiff has submitted a request for his medical records, including those created by Dr. Stonerock, to Defendants prior to filing his motion. Plaintiff is advised that the proper procedure for requesting documents from Defendants is contained in Federal Rule of Civil Procedure 34. Specifically, after Defendants have made an appearance on the

docket, requests for documents should be served on counsel for Defendants and should not be filed with the court absent a dispute between the parties after previous service. Therefore, Plaintiff's motion is denied.

In the event that Defendants do not have, and therefore cannot produce, the requested documents, the proper procedure is for Plaintiff to request a subpoena. Plaintiff should also submit funds to pay for the documents he requests be subpoenaed. Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an "in forma pauperis plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991). The *Badman* case involved an indigent plaintiff seeking issuance of a subpoena duces tecum to be served on a third-party. The court specifically held that he must simultaneously tender fees allowed by law with the service of the subpoena. *Badman*, 139 F.R.D. at 604. Therefore, in the event Plaintiff seeks a subpoena during the course of discovery, he is advised that he should submit prepayment for the costs of the documents requested.

IT IS SO ORDERED.

August 26, 2013              Shiva V. Hodges
Columbia, South Carolina     United States Magistrate Judge

2